In re NATIONAL SAFE CENTER, INC., dba Commercial Security Products and Safe Center Hawaii, Debtor.

Bankruptcy No. 83–00405.

United States Bankruptcy Court,
D. Hawaii.

Aug. 13, 1985.

Randall K. Steverson, Honolulu, Hawaii, for movant.

Herbert J. Leider, Honolulu, Hawaii, for debtor.

MEMORANDUM DECISION AND ORDER RE: MOTION TO CONVERT CASE UNDER CHAPTER 11

JON J. CHINEN, Bankruptcy Judge.

The present action before this court is the motion of the Bank of Hawaii, a secured creditor and a party in interest, to convert the voluntary Chapter 11 petition to a Chapter 7 liquidation. Objections to

said motion were filed by National Safe Center Inc., the debtor. On June 5, 1984 and August 27, 1984 hearings on said motion to convert were heard. Based upon all the memoranda filed, records in the file and arguments of counsel at the hearings, the court finds as follows:

## FINDINGS OF FACT

On August 18, 1983 National Safe Center, Inc., a corporation engaged in the selling of safes, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Bank of Hawaii (the "movant") filed a motion to convert the voluntary Chapter 11 petition to a Chapter 7 liquidation on April 17, 1984 for cause pursuant to Section 1112(b) of the Bankruptcy Act. The movant argued that the debtor's failure to file a plan of reorganization, the failure to make any effort or progress toward the filing of a plan of reorganization, the failure to file an inventory or periodic statements of the operation of the debtor's business constitutes cause under Section 1112(b) for the conversion to a Chapter 7. In subsequent supplemental memoranda in support of the motion to convert, the movant alleges other causes upon which the motion to convert should be granted: primarily debtor's failure to file an inventory and statement of the operation of the business pursuant to a court order and the debtor's failure to file a disclosure statement.

In response to said motion to convert, the debtor filed a memorandum in opposition in which it argued that conversion would not be in the best interest of the creditors and the estate. In fact, the interest of the creditors would best be served by allowing the debtor to continue in business, since it has a place of business where it is conducting business on a gradually increasing scale.

The debtor has useable and saleable assets in its possession in the form of merchandise inventory, real estate and other assets. Some of the merchandise inventory, which was held by the U.S. Custom Service, worth approximately $50,000.00, was obtained through a court order compelling the U.S. Custom Service to turnover the property of the estate. Shortly after obtaining the merchandise from the U.S. Custom Service, the debtor, on August 15, 1984, filed a plan of reorganization. In addition, on August 31, 1984 a disclosure statement and a corrected plan of reorganization was filed by the debtor. Throughout these proceedings, the debtor has also filed statements of receipt and disbursement for its business.

## DISCUSSION

Conversion of a Chapter 11 case to a liquidation proceeding under Chapter 7 is governed by Section 1112(b) of the Bankruptcy Code, which states in relevant part:

> [O]n request of a party in interest, and after notice and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including;
>
> (3) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (4) failure to propose a plan under section 1121 of this title within any time fixed by the court.

The movant adamantly argued that the debtor's failure to file a plan of reorganization within 120 days after the date of the order for relief is sufficient cause to convert the instant proceedings to Chapter 7. However, Section 1121(b) of the Bankruptcy Code expressly states that only the debtor, and no one else, *may* file a plan of reorganization within the 120 days after the date of the order for relief. In other words, the debtor is not required to file a plan of reorganization within the 120 days after the filing of an order for relief, but is given during that period of time the exclusive right to file a plan, if it so chooses, without having to worry about any interference by its creditors. After the 120 days from the date of the order for relief, if debtor fails to file any plan, a creditor or a party in interest may then file its own

plan of reorganization. In fact, under Section 1112(b)(4) the debtor must file a plan of reorganization within any time fixed by the court, which the debtor did in the instant case. If no time is fixed for the filing of a plan of reorganization, the debtor should be permitted a reasonable time to reorganize. (*In Re American Mariner Industries, Inc.*, 10 B.R. 711, 713 (Bankr.C.D. Ca.1981)).

■ The debtor filed a plan of reorganization within a reasonable time. In fact, the debtor filed a plan on August 15, 1984, the filing date set by the court. The debtor was not able to reorganize or to submit a plan of reorganization earlier because it was attempting to settle disputed claims which would bring $50,000.00 to $150,000.00 into the debtor's estate either in cash or saleable inventory. The debtor could not submit a viable plan of reorganization until after these disputed claims were settled.

The debtor in the instant case is a viable corporation, with a place of business and continues to conduct business on a gradually increasing scale. The prospects of economic revival of the debtor's business is good. Not only is the debtor able to reorganize its business, but there is no continuing loss to or diminution of the estate. Since the debtor is a viable corporation the conversion to Chapter 7 is unnecessary. In fact, the conversion of these proceedings to Chapter 7 would be contrary to the underlying policy of Chapter 11, the prevention of an unnecessary dissolution of an otherwise viable corporation.

If the case at bar is converted to a Chapter 7 proceeding, the liquidation of the debtor's assets through either an auction or other methods is not likely to bring anywhere near the actual value of the assets. This would result in the movant, as well as other creditors, not realizing anywhere near the same ultimate payment from the debtor's estate as they would realize if the matter continues under a Chapter 11.

A final contention of the movant is that if the court does not order conversion to a Chapter 7, its security interest may become impaired because of the debtor's use of the cash collateral. The court finds the argument to be without merit since the debtor has paid $1,578.75 of $1,605.08 proceeds to the Bank of Hawaii. The debtor admits that it mistakenly paid $76.33 to sources other than the Bank of Hawaii, and has ceased the use of any cash collateral owed to the movant.

### CONCLUSIONS OF LAW

In accordance with the above findings of fact and conclusions of law, this court finds that no just cause exist for the conversion of this case to one under Chapter 7. The conversion of these proceedings to Chapter 7 liquidation would not be in the best interest of the creditors and the estate, given the facts of this case. Therefore, the motion to convert these proceedings to Chapter 7 liquidation is denied and dismissed without prejudice.

IT IS SO ORDERED.